IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**HERMAN PICKENS**  **PETITIONER**

v.  No. 5:89-cv-00675

**RAY HOBBS, Director**
**Arkansas Department of Correction**  **RESPONDENT**

## ORDER

Before the Court are the petition for writ of habeas corpus and amended petition for writ of habeas corpus filed by Herman Pickens (Dkt. Nos. 25, 27). For the reasons that follow, Mr. Pickens's petition and amended petition are dismissed without prejudice so that Mr. Pickens may seek authorization from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition.

Mr. Pickens was convicted of aggravated robbery and burglary in Arkansas state court on July 9, 1981, and he was sentenced to 90 years in prison. The Arkansas Supreme Court affirmed his conviction and sentence on direct appeal. *See Pickens v. State*, 652 S.W.2d 626 (1983). After the Arkansas Supreme Court denied Mr. Pickens's petition for post-conviction relief, Mr. Pickens filed a petition for writ of habeas corpus challenging his conviction. His petition was denied, and the Eighth Circuit Court of Appeals affirmed. Mr. Pickens then filed a second habeas petition, which was dismissed as an improper successive petition.

Mr. Pickens filed the present petition on February 26, 2013. Mr. Pickens now contends that his trial counsel was ineffective when counsel advised him to reject a plea offer. Mr. Pickens asserts that the present petition presents a new claim for relief under *Lafler v. Cooper*, __U.S.__, 132 S. Ct. 1376 (2012). He asks the Court to find that *Cooper* established a new rule of constitutional law for purposes of 28 U.S.C. § 2244(b)(2)(A) and hold an evidentiary hearing.

Before filing a second or successive § 2254 habeas petition in the district court, "a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'"  *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)).  Because Mr. Pickens did not obtain authorization from the Eighth Circuit Court of Appeals before filing his current petition, this Court lacks jurisdiction and must dismiss it without prejudice.  *Id.* at 153; *Nooner v. Norris*, 499 F.3d 831 (8th Cir. 2007).

Mr. Pickens acknowledges in his amended petition that the Eighth Circuit, along with several other circuit courts of appeals that have considered the issue, has determined that *Cooper* did not announce a new rule of constitutional law.  *Williams v. United States*, 705 F.3d 293, 293 (8th Cir. 2013); *see also In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013); *Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879-80 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012).  He nevertheless urges the Court to consider the merits of his petition, claiming there is still a possibility that the circuits will split on this issue in light of Justice Scalia's dissent in *Cooper*.  He fears that his claim based on *Cooper* may be time barred under 28 U.S.C. § 2244(d)(1)(C) in the event the Supreme Court ultimately determines that *Cooper* does establish a new rule of constitutional law.

The possibility that the Supreme Court will ultimately determine that *Cooper* announces a new rule of constitutional law does not confer jurisdiction on this Court.  *See Burton*, 549 U.S. at 151 (holding that the district court lacked jurisdiction to consider a successive habeas petition asserting a claim based on a new rule of constitutional law absent authorization from the court of appeals).  The Eighth Circuit's decision in *Williams* does not change this fact.  *United States v. Echerivel*, 500 Fed. Appx. 568, 568-69 (8th Cir. 2013) (holding that the district court properly

dismissed § 2255 motion asserting a claim based on *Cooper* as successive and unauthorized); *Christian v. Smith*, 2013 WL 1665839, at *3-4 & n.4 (D. Minn. March 28, 2013); *Santana v. United States*, 2013 WL 402240, at *2 (E.D. Mo. Feb. 1, 2013).

\* \* \*

For the foregoing reasons, Mr. Pickens's petition for writ of habeas corpus and amended petition for writ of habeas corpus (Dkt. Nos. 25, 27) are dismissed without prejudice so that Mr. Pickens may seek authorization from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition.

SO ORDERED this 12th day of August, 2013.

_____
Kristine G. Baker
United States District Judge